IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VITA PLUS CORP., ) <br> Defendant. ) <br> _____ ) | COMPLAINT <br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party, Brian Kaczorowski ("Charging Party" or "Kaczorowski"). As alleged with greater particularity in paragraph 12 below, Defendant, Vita Plus Corp. ("Defendant" or "Vita Plus"), discriminated against Kaczorowski because of his disability when it terminated his employment based on disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

§ 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant, headquartered in Madison, Wisconsin, has continuously been doing business in the State of Michigan and the Village of Gagetown, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Kaczorowski filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On August 28, 2014, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On May 20, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Kaczorowski is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

3

    a. Kaczorowski has an impairment, Type II Diabetes Mellitus, which substantially limits a major life activity, endocrine function.

    b. Kaczorowski has a record of an impairment, Type II Diabetes Mellitus, which substantially limits a major life activity, endocrine function.

12. On or about September 28, 2013, Defendant engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112. Specifically, Defendant terminated Kaczorowski because of his disability. Defendant used a physical to screen out Kaczorowski because of his disability. It terminated Kaczorowski based on criteria that were not job-related or consistent with business necessity.

13. The effect of the practices complained of in paragraph 12 above has been to deprive Kaczorowski of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

14. The unlawful employment practices complained of in paragraph 12 above were intentional.

15.     The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Kaczorowski.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, Vita Plus, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from firing employees because of their disabilities.

B.     Order Defendant, Vita Plus, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant, Vita Plus, to make Kaczorowski whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant, Vita Plus, to make Kaczorowski whole by providing compensation for past and future pecuniary losses resulting from the unlawful

employment practices described in paragraph 12 above, including, but not limited to job search expenses and medical expenses, in amounts to be determined at trial.

E.     Order Defendant, Vita Plus, to make Kaczorowski whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant, Vita Plus, to pay Kaczorowski punitive damages for its malicious and reckless conduct, as described in paragraphs 12 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: July 16, 2015

                                              Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

/s/ Laurie A. Young
Regional Attorney
Indianapolis District Office

/s/ Kenneth Bird
Supervisory Trial Attorney
Detroit Field Office

/s/ Omar Weaver (P58861)
Senior Trial Attorney
Detroit Field Office
477 Michigan Ave., Room 867
Detroit, MI 48226
(313) 226-3407
omar.weaver@eeoc.gov

7